**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| MARIO A. GUARDADO AND MARIA EVELIA GUARDADO, | § § § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-02641-P |
| | § | |
| STATE FARM LLOYDS AND DION MCKINLEY, | § § | JURY DEMANDED |
| Defendants. | § | |

**PLAINTIFFS MARIO A. GUARDADO AND MARIA EVELIA GUARDADO'S BRIEF
IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT TO PRODUCE
SUPPLEMENTAL DISCOVERY RESPONSES AND DOCUMENTS AND MOTION TO
STRIKE/OVERRULE OBJECTIONS**

TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................2

I.   INTRODUCTION & BACKGROUND ............…………..……………………………………4

II.  ARGUMENT AND AUTHORITIES.......................................................................6

   A. DEFENDANT'S NUMEROUS UNFOUNDED OBJECTIONS SHOULD BE OVERRULED...............6

   B. DEFENDANT FAILS TO MEET ITS BURDEN TO SUPPORT ITS "OVERBROAD" AND "BURDENSOME" OBJECTIONS .......................................................................7

   C. DEFENDANT'S IMPROPER, GLOBAL OBJECTIONS TO PLAINTIFFS' ESI PRODUCTION PROTOCOL SHOULD BE OVERRULED AND/OR STRICKEN .................................8

   D. DEFENDANT HAS FAILED TO FULLY AND ADEQUATELY RESPOND TO PLAINTIFFS' PROPER WRITTEN DISCOVERY REQUESTS. ....................................................9

      (1) TRAINING, INSTRUCTIONAL, AND EDUCATIONAL MATERIALS ...............................10

      (2) UNDERWRITING FILES.........................................................................12

      (3) PERSONNEL FILES .............................................................................13

      (4) PRE-ANTICIPATION OF LITIGATION RESERVES...........................................14

      (5) INDEMNITY AGREEMENTS......................................................................14

E.   Defendant Has Failed to Meet Its burden to Support Its Privilege
Objections…………………………………………………………………...…15

III.   Conclusion........................................................................................................16

Prayer.......................................................................................................................................16

Certificate of Service .........................................................................................................18

**Index of Authorities**

## CASES

*AKH Co. v. Universal Underwriters Ins. Co.*, 300 F.R.D. 684, 692 (D. Kan. 2014)................................. 12

*Burns v. Thiokol Chem. Corp.,* 483 F.2d 300, 304 (5th Cir. 1973)................................................ 5

*Cook v. Welty*, 253 F. Supp. 875 (D.D. C. 1966) ...................................................................... 14

*Flora v. Hamilton,* 81 F.R.D. 576, 578 (M.D.N.C. 1978) ........................................................... 6

*G-69 v. Degnan,* 130 F.R.D. 326, 331 (D.N.J. 1990) ................................................................ 6

*In re U.S.,* 864 F.2d 1153, 1156 (5th Cir. 1989) .................................................................... 14

*Johanek v. Aberle*, 27 F.R.D. 272 (D. Mont. 1961)................................................................. 14

*Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982). ....................................................... 6

*Kirschenman v. Auto-Owners Ins.,* 280 F.R.D. 474, 486-87 (S.D.S., 2012). ..................................... 9

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990).................... 6

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ................................................... 8

*Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540 (10th Cir. 1984), *cert. dismissed,* 469 U.S. 1199
(1985)................................................................................................................... 6

*Roberson v. Seacor Marine LLC,* 2007 WL 2081996, at *1 (E.D. La. 2007). ...................................... 14

*St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000)... 6

*State Farm Mut. Auto. Ins. Co. v. Engelke*, 824 S.W.2d 747, 753 (Tex. App.—Houston [1st Dist.] 1992,
orig proceeding ....................................................................................................... 9

*Waters v. Continental General Ins. Co.,* No. 07–282–TCK–FHM, 2008 WL 2510039, at *1 (N.D. Okla.
June 18, 2008).......................................................................................................... 12

**RULES**

FED. R. CIV. P. 26(a)(1)(A)(iv)……………………………………………………………………14
FED. R. CIV. P. 26(b)...................................................................................................................7
FED. R. CIV. P. 26(b)(5)(A).........................................................................................................15
FED. R. CIV. P. 34 .......................................................................................................................12
FED. R. CIV. P. 37(a)(3)…………………………………………………………………………9
FED. R. CIV. P. 37(a)(4)…………………………………………………………………………9

**STATUTES**

TX INS CODE 541 ..................................................................................................................4, 14
TX INS CODE 542 ....................................................................................................................4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARIO A. GUARDADO AND MARIA** | § | |
| **EVELIA GUARDADO,** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:14-CV-02641-P** |
| | § | |
| **STATE FARM LLOYDS AND DION** | § | **JURY DEMANDED** |
| **MCKINLEY,** | § | |
|     **Defendants.** | § | |

---

**PLAINTIFFS MARIO A. GUARDADO AND MARIA EVELIA GUARDADO'S BRIEF
IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT TO PRODUCE
SUPPLEMENTAL DISCOVERY RESPONSES AND DOCUMENTS AND MOTION TO
STRIKE/OVERRULE OBJECTIONS**

---

**TO THE HONORABLE JORGE A. SOLIS**:

      COME NOW, Mario A. Guardado and Maria Evelia Guardado ("Plaintiffs"), pursuant to the Federal Rules of Civil Procedure, and file this, *Plaintiffs Mario A. Guardado and Maria Evelia Guardado's Motion to Compel Defendant to Produce Supplemental Discovery Responses and Documents and Motion to Strike/Overrule Objections* ("Motion to Compel").  In support thereof, pursuant to the Federal Rules of Civil Procedure, Plaintiffs would show this Honorable Court as follows:

## I.      INTRODUCTION AND BACKGROUND

1.      This is a first-party insurance claim dispute case arising out of Plaintiffs' insurance claim for hail storm and/or windstorm damages to their real property located in Dallas County, Texas ("the Property") sustained on or about June 13, 2012.  Plaintiffs made a claim against their Texas

Homeowners' Insurance Policy, ("the Policy") which was issued by Defendant State Farm Lloyds ("State Farm" or Defendant"). Defendants failed to conduct a reasonable investigation and failed to pay the full proceeds of the Policy. As a result, Plaintiffs filed suit against Defendants for damages resulting from the mishandling of Plaintiffs' claim for coverage. Specifically, Plaintiffs brought suit against State Farm for breach of contract, violations of the Texas Insurance Code Chapter 541, violations of the Texas Insurance Code Chapter 542, fraud, and breach of the duty of good faith and fair dealing.[1]

2.      On May 20, 2015 Plaintiffs served Defendant State Farm with Plaintiff Mario Guardado's Interrogatories and Plaintiffs' First Request for Production.[2]

3.      Defendant served its Responses, Answers, and Objections to Plaintiffs' above described discovery requests on June 19, 2015, however, Defendant failed to fully and adequately respond and produce all responsive information and documents available.[3]

4.      On June 30, 2015, Plaintiffs' counsel asked Defendant's counsel if Defendant would be willing to either re-produce documents Defendant was recently ordered to produce in another case involving Plaintiffs' counsel currently pending in this Northern District or if Defendant would agree that Plaintiffs could use these documents in this case without any re-production.[4]

5.      On September 28, 2015 Plaintiffs' counsel sent Defendant's counsel a pre-compel email requesting that Defendant remove their improper objections to Plaintiffs' written discovery requests and supplement/amend their discovery responses to fully and adequate respond.[5]

---

[1] *See* Dkt. #1-C.
[2] *See* Plaintiffs' "Exhibit A," attached hereto and incorporated herein, at 001.
[3] *See* Plaintiffs' "Exhibit B," attached hereto and incorporated herein, at 015.
[4] *See* Plaintiffs' "Exhibit C," attached hereto and incorporated herein, at 030.
[5] *See* Plaintiffs' "Exhibit D," attached hereto and incorporated herein, at 032.

6.      In responding to Plaintiffs' written discovery requests, Defendant makes a variety of baseless and unsubstantiated objections and fail to fully and adequately respond to Plaintiffs' proper requests for discovery.   Further, Defendant wholly failed to produce all responsive information and documents in their possession, custody, or control.

7.      Plaintiffs have the right to obtain full and fair discovery in their case and have propounded proper discovery requests that are relevant, tailored, and appropriate.   Defendant should not be permitted to avoid its discovery obligations and should be compelled to withdraw its improper objections and supplement its discovery responses to fully and adequately respond.

8.      As such, Plaintiffs request the Court strike and/or overrule Defendant's improper and unsupported objections to Plaintiffs' proper discovery requests and compel Defendant to serve supplemental discovery responses to remove such objections and produce additional, responsive information and documents in Defendant's possession, custody, or control.

## II.      ARGUMENT AND AUTHORITIES

### A.      DEFENDANT'S NUMEROUS, UNFOUNDED OBJECTIONS SHOULD BE GENERALLY OVERRULED.

9.      Defendant objected to the majority of Plaintiffs' discovery requests with the same multifarious and specious objections.   Any legitimate responses Defendant contrived are obscured by these numerous unfounded objections.   These objections should be overruled, and the Court should order the objections to be stricken from the discovery responses.

10.     The Federal Rules are designed to prevent delays at trial and conserve scarce judicial resources.[6]   Defendant's discovery responses exhibit a complete failure to adequately adhere to the applicable rules of discovery.   The responses contain an excessive number of objections

---

[6] *Burns v. Thiokol Chem. Corp.,* 483 F.2d 300, 304 (5th Cir. 1973).

which result in the production of few responsive documents. Defendant repeatedly objected to the discovery requests as being vague, ambiguous, and overly broad. In addition, there were repeated objections citing that the requested documents were not reasonably calculated to lead to the discovery of admissible evidence. These numerous and repetitive series of objections to nearly every request are clearly frivolous, unfounded, and amount to an abuse of discovery.

11.     Any valid objection that may have been asserted by Defendant has been undoubtedly obscured by baseless, unwarranted, and unnecessary objections. Accordingly, the objections should be overruled, and the Court should order Defendant to withdraw its objections and produce all responsive documents to Plaintiffs' discovery requests.

**B.   DEFENDANT FAILS TO MEET THE BURDEN TO SUPPORT ITS "OVERBROAD" AND "BURDENSOME" OBJECTIONS.**

12.     Defendant repeatedly asserted redundant "overbroad" and "burdensome" objections. Defendant should be required to justify such objections with evidence proving that the burden of producing the information outweighs the benefit as set forth by various Federal courts and the Federal Rules of Civil Procedure.

13.     An objecting party's mere conclusory statement that an interrogatory or request of production as "overly broad, burdensome, oppressive, and irrelevant" is "not adequate to voice a successful objection."[7] The objecting party must specifically demonstrate how each request for production is broad, burdensome, irrelevant, etc.[8]

---

[7] *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990); *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.,* 198 F.R.D. 508, 511 (N.D. Iowa 2000); *see Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540 (10th Cir. 1984), *cert. dismissed,* 469 U.S. 1199 (1985); *see also G-69 v. Degnan,* 130 F.R.D. 326, 331 (D.N.J. 1990); *Flora v. Hamilton,* 81 F.R.D. 576, 578 (M.D.N.C. 1978).
[8] *Id.*; *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982).

14.    Defendant has failed to meet its burden of demonstrating that the discovery sought is outside the scope of Rule 26(b).  Rather, it has merely asserted boilerplate "overbroad" and "burdensome" objections, without specifying how each request for production is lacking and without articulating the particular harm that would result from responding to Plaintiffs' discovery requests.  Defendant should be required to prove the burden of producing the information for each request for which it asserts an "overbroad" and "burdensome" objection.  In the alternative, the Court should strike each such objection.

### C.    DEFENDANT'S IMPROPER, GLOBAL OBJECTIONS TO PLAINTIFFS' ESI PRODUCTION PROTOCOL SHOULD BE OVERRULED AND/OR STRICKEN.

15.    Defendant generally objects to Plaintiffs' Production Protocol ("ESI Protocol") without either demonstrating how any specific request for production would require unreasonable efforts to produce such documents and materials in the form requested or producing any evidence in support of its objections.

16.    Defendant should not permitted to assert global objections in this manner and should be required to object to each particular request to which it contends application of the ESI protocol is objectionable and state the specific basis for each such objection.

17.    Here, Plaintiffs specifically requested discovery production from Defendant in accordance with a proper ESI Protocol propounded with Plaintiffs' requests for production and in compliance with Rule 34.  Defendant fails to properly assert, specific and particular objections with respect to Plaintiffs' ESI Protocol and further failed to meet its burden to support its objections to Plaintiffs' ESI Production Protocol.

18.    As such, Defendant's general, unsupported objections to Plaintiffs' ESI Protocol should be overruled or stricken.

**D.   DEFENDANT HAS FAILED TO FULLY AND ADEQUATELY RESPOND TO PLAINTIFFS' PROPER WRITTEN DISCOVERY REQUESTS.**

19.     Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.[9]   It is not grounds for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.[10]   The Supreme Court interprets "relevant to the subject matter involved in the pending action" to include any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.[11]   "Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.  Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits."[12]

20.     Moreover, under Rule 37(a)(4) of the Federal Rules of Civil Procedure an evasive or incomplete answer or response is to be treated as a failure to answer or respond.  Under Rule 37(a)(3) of the Federal Rules of Civil Procedure if a party responding to a request for production refuses to produce documents, the party requesting documents may move to compel production.

21.     Here, in response to the majority of Plaintiffs' requests for production, Defendant failed to produce any responsive documents and, to nearly all of the requests, lodged a similar and redundant series of meritless objections.  Defendant is in violation of the unambiguous discovery

---

[9] FED. R. CIV. P. 26(b)(1).
[10] *Id*.
[11] *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947)).
[12] *Id*. (citations omitted).

rules, and the Court should order Defendant to withdraw its improper, unsupported objections to Plaintiffs' written discovery requests and compel Defendant to supplement its responses in good faith.

22.     As previously stated, Plaintiffs have requested that Defendant supplement its incomplete and/or invasive discovery responses to fully and adequately respond to Plaintiffs' proper discovery requests and to produce additional, responsive documents in Defendant's possession, custody, or control.   To date, Defendant has not supplemented its discovery responses or produced supplemental documents or information responsive to Plaintiffs' proper discovery requests.   The Court should grant Plaintiffs' Motion to Compel and order Defendant to serve supplemental discovery responses and documents without delay.

   **1.   Training, Instructional, and Educational Materials**

23.     Plaintiffs' Request for Production No. 4 reads as follows:

   **REQUEST FOR PRODUCTION NO. 4**

   All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e. hail property damage.

24.     In *Kirschenman v. Auto-Owners Ins.*[13], also a first-party insurance case stemming from hailstorm/windstorm damage, the District of South Dakota ordered the carrier "to respond fully and completely" to a discovery request that was actually broader than Plaintiffs' Request here in that it was not limited to personnel who had handled the claim at issue.   The district court bluntly stated that "[i]f there are some materials that [the carrier] used to train its claims employees, then

---

[13] *Kirschenman v. Auto-Owners Ins.,* 280 F.R.D. 474, 486-87 (S.D.S., 2012).

they are relevant."[14]  Texas state courts have reached the same conclusion under the Texas Rules of Civil Procedure in *State Farm Mut. Auto. Ins. Co. v. Engelke*, 824 S.W.2d 747, 753 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).  State Farm's objection to this request should be overruled.

25.     Moreover, Plaintiffs are aware that training materials, which are responsive to this Request for Production, exist and are in the possession, custody, or control of Defendant.  These training materials include but are not limited to:

- Catastrophe Wind/Hail Study Guide
- Fire IA Training Estimatics Study Guide
- Power Point Presentation on the handling of claims for hail damage
- Hail Training Module 1- General Overview of handling of a hail claim
- Catastrophe Basic Estimating Proficiency Exam
- HO Policy Exam with Answers

Through other litigation, counsel for Plaintiffs has had the opportunity to review these requested documents and is aware of their contents.  These documents are highly relevant to the handling of Plaintiffs' claims and are responsive to Plaintiffs' Request for Production No. 4.  The Hon. Irma Carrillo Ramirez, a magistrate judge from this Northern District, recently recognized as much whenever she overruled Defendant's objections and ordered Defendant to produce documents responsive to an identical request.[15]   Furthermore, as these documents have previously been produced any assertion that production would be unduly burdensome is meritless.

26.     Plaintiffs are entitled to discovery of the training materials and procedure guides provided to the personnel handling their claim and whether such materials were complied with in the handling of such claim.   Thus, the Court should enter an order compelling Defendant to

---

[14] *Id.*
[15] *See* Plaintiffs' "Exhibit E," attached hereto and incorporated herein, at 033.

withdraw its objections to and produce all documents responsive to Plaintiffs' Requests for Production.

### 2. <u>Underwriting Files</u>

27.    Plaintiffs' Request for Production No. 1 asks as follows:

### <u>REQUEST FOR PRODUCTION NO. 1</u>

> Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property identified in the Petition. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

28.    This request is not overly broad, and the relevance of the information substantially outweighs Defendant's objections.  This request for production is relevant to the subject matter making the basis of this lawsuit.  The Hon. Irma Carrillo Ramirez, a magistrate judge from this Northern District, recently recognized as much when she overruled Defendant's objections and ordered Defendant to produce documents responsive to an identical request.[16]  Defendant should not be allowed to hide behind general blanket objections to shield relevant documents from discovery.  Accordingly, these items are recoverable subject to a request for production in accordance with Rule 34 and do not exceed the scope of discovery under said Rules.  This Court should enter an order compelling Defendant to withdraw its objections and produce documents accordingly.

---

[16] *See* Plaintiffs' "Exhibit E" at 033.

### 3. **Personnel Files**

29.     Plaintiffs' Request for Production No. 5 asks as follows:

**REQUEST FOR PRODUCTION NO. 5**

A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

30.     Federal courts have found personnel files of claims handlers to be discoverable in cases alleging the bad faith handling of an insurance claim as here.[17]   Plaintiffs are seeking the personnel files in order to obtain information related to the individual adjuster's training and experience.   State Farm relied entirely on the adjuster's estimate in denying Plaintiffs' claim for damages.     Plaintiffs therefore are alleging that State Farm performed an unreasonable investigation of Plaintiffs' claim.   The particular training the adjuster had in the handling of Plaintiffs' claim, or for that matter, has not had is extremely relevant to whether State Farm performed an unreasonable investigation of Plaintiffs' claim.   These personnel files also contain management reviews of an adjuster's claim handling skills.   This request is proper and relevant. State Farm's objection should be overruled.

---

[17] *AKH Co. v. Universal Underwriters Ins. Co.*, 300 F.R.D. 684, 692 (D. Kan. 2014); *Waters v. Continental General Ins. Co.*, No. 07–282–TCK–FHM, 2008 WL 2510039, at *1 (N.D. Okla. June 18, 2008).

4. **Pre-anticipation of Litigation Reserve(s)**

31.     Plaintiffs' Request for Production No. 7 requests:

**REQUEST FOR PRODUCTION NO. 7**

All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with supporting documentation.

32.     Before State Farm adjusted Plaintiffs' claim, State Farm set a reserve of the maximum amount State Farm would pay Plaintiffs' on their claim.  Information regarding the amount of this reserve is relevant to Defendants' mishandling of Plaintiffs claim.  For example, State Farm could have initially valued the claim at a high amount, but then only paid Plaintiffs a fraction of that initial value.  This would be evidence of Defendant's bad faith insurance practices, as well as the mishandling of Plaintiffs' claim in violation of Chapter 541.  This request clearly seeks information within the scope of discovery and Defendant should be ordered to respond accordingly.

5. **Indemnity Agreements.**

33.     Plaintiffs' Request for Production No. 12 requests:

**REQUEST FOR PRODUCTION NO. 12**

All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

34.     Indemnity agreements are clearly discoverable under Rule 26.[18]  The Committee notes for 1970 for this section provide that such disclosure will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on

---

[18] *See* FED. R. CIV. P. 26(a)(1)(A)(iv) ("a party must…provide to the other parties…any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.").

knowledge and not speculation and that this disclosure does not involve a significant invasion of privacy.[19]  Defendant should accordingly be compelled to produce any indemnity agreements in its possession, custody, or control responsive to this request.

### E.   DEFENDANT HAS FAILED TO MEET ITS BURDEN TO SUPPORT ITS PRIVILEGE OBJECTIONS.

35.     In its discovery responses, Defendant asserted several privilege objections.  Defendant's objections illustrate not only a lack of cooperation and good faith with the discovery process, but a failure to even try to answer Plaintiffs' requests at all.

36.     Defendant has thus responded to Plaintiffs by asserting that the information requested is privileged.  Plaintiffs have asked Defendant to comply with the Federal Rules of Civil Procedure and provide a description of any withheld material or information pursuant to Rule 26(b)(5)(A).  Under Rule 26(b)(5)(A), a party who claims that material or information responsive to written discovery is privileged may withhold the privileged material or information from the response.  However, the party must provide a privilege log expressly describing the nature of the documents, communications, or things not produced or disclosed which identifies the privilege asserted with specificity.[20]  Failure to provide a privilege log as required by Rule 26(b)(5)(A), as Defendant failed here, results in waiver of the privileges asserted.[21]

37.     Plaintiffs ask the Court to order Defendant to produce a privilege log, if one has not been produced by the oral hearing on this matter or suffer waiver of all privileges asserted thus far.

---

[19] *See e.g. Cook v. Welty*, 253 F. Supp. 875 (D. D.C. 1966); *Johanek v. Aberle*, 27 F.R.D. 272 (D. Mont. 1961).
[20] FED. R. CIV. P. 26(b)(5)(A).
[21] *In re U.S.,* 864 F.2d 1153, 1156 (5th Cir. 1989); *Roberson v. Seacor Marine LLC,* 2007 WL 2081996, at *1 (E.D. La. 2007).

## III.     CONCLUSION

38.     Plaintiffs' Motion to Compel should be granted.   The requests for production propounded in this case are important to Plaintiffs' causes of action for violations of the Texas Insurance Code and common law bad faith.  Plaintiffs' requests are relevant, material and proper without being unduly burdensome and overly broad.   Accordingly, the Court should grant Plaintiffs' Motion to Compel and issue an order compelling Defendant to supplement its discovery responses to fully and completely respond to Plaintiffs' proper discovery requests and produce additional, responsive documents and information in its possession, custody, or control. With regard to Defendant's improperly asserted privileges, absent the production of a proper privilege log, Plaintiffs move that all privileges asserted thus far, be declared waived.  The Court should further strike and/or overrule Defendant's improper objections to Plaintiffs' proper discovery requests as herein described.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Honorable Court to grant *Plaintiffs Mario A. Guardado and Maria Evelia Guardado's Motion to Compel Defendant to Produce Supplemental Discovery Responses and Documents and Motion to Strike/Overrule Objection*.  Plaintiffs' further request the Court to order Defendant and/or its attorneys to pay Plaintiffs' reasonable costs, including reasonable and necessary attorney's fees, incurred in order to secure the above-requested relief and discovery.  Plaintiffs also request any such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

/s/ Gregory F. Cox
Gregory F. Cox
ND No. 00793561
State Bar No. 00793561
6280 Delaware Street
Beaumont, Texas  77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)
gfcdocketefile@mostynlaw.com
J. Steve Mostyn
State Bar No. 00798389
3810 West Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
jsmdocketefile@mostynlaw.com

**ATTORNEYS FOR PLAINTIFFS**

Brian P. Lauten
Texas Bar No. 24031603
DEANS & LYONS, LLP
Republic Center
325 North Saint Paul St., Ste. 1500
Dallas, Texas 75201
Phone: 214-736-7861
Fax: 214-965-8505
E-mail: blauten@deanslyons.com
***L.R. 83.10 Local Counsel for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 20th day of October, 2015, a true and correct copy of the foregoing instrument was electronically filed using the authorized ECF system and served on all parties by and through its attorney(s) of record who are registered users of the ECF system, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

*/s/ Gregory F. Cox*
Gregory F. Cox

Page 18